UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK S. GARRIS, | ) | Case No.  3:11CV2538 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | Magistrate George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | REPORT & RECOMMENDATION OF |
| COMMISSIONER OF | ) | MAGISTRATE JUDGE |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  ECF Dkt. #1.  Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in her decision by failing to find that his mental health impairment was not a severe impairment and by failing to mention or discuss the opinion of his long-term treating psychiatrist.  For the following reasons, the undersigned recommends that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's complaint in its entirety with prejudice.

I.  **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI in April 2007[1], alleging disability beginning

---

[1] Plaintiff previously filed applications for DIB and SSI on August 28, 2003.  ECF Dkt. #12 at 150.  The ALJ denied these applications by decision dated February 27, 2007.  *Id*. at 158.  Plaintiff appealed this decision to federal court and that court denied Plaintiff's claim in a decision dated November 26, 2008.  *See* ECF Dkt. #21 in Case Number 3:07CV3292.  Plaintiff did not appeal this decision.

February 24, 2007 due to bipolar disorder, depression, carpal tunnel syndrome, degenerative joint disease, foot problems, hepatitis C, and hypertension. ECF Dkt. #12 at 230-239[2] 247. The Social Security Administration ("SSA") denied Plaintiff's applications initially and upon reconsideration. *Id*. at 165-170. Plaintiff requested a hearing before an ALJ which was held on January 11, 2010. *Id*. at 88-140.

On February 10, 2010, the ALJ issued a decision finding that Plaintiff had the severe impairment of arthritis and the non-severe impairments of psoriasis, leg ulcer, affective/personality disorders, substance abuse, hepatitis C, and hypertension. ECF Dkt. #12 at 79. The ALJ cited the prior ALJ's determination in which that ALJ found that Plaintiff had the severe impairments of arthritis, high blood pressure and affective/personality disorders. *Id*. The ALJ noted the prior ALJ's finding that Plaintiff could perform light work with superficial contact with other people. *Id*. at 76. However, the ALJ in the instant case found that Plaintiff's mental health and hand conditions were no longer severe and thus she was not bound by the prior ALJ's decision under *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and Administrative Ruling ("AR") AR 98-4(6).

The ALJ in the instant case went on to find that Plaintiff's arthritis impairment did not meet or equal a listed impairment in 20 C.F.R. Part 4, Subpart P, Appendix 1. ECF Dkt. #12 at 81. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the limitation of standing/walking for up to only forty-five minutes at a time. *Id*. at 82. The ALJ further found that Plaintiff could return to his past relevant work as a pizza deliverer. *Id*. at 83.

Plaintiff appealed the ALJ's February 10, 2010 decision to the Appeals Council, but the

---

[2] Page references are to Page ID Numbers in the transcript of proceedings.

Appeals Council denied his request for review. ECF Dkt. #12 at 56-67. The ALJ's decision therefore became the final decision of the Commissioner and Plaintiff appealed that decision to this Court on November 22, 2011. ECF Dkt. #1. Judge Carr referred the instant case to the undersigned on December 22, 2011.

## II. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that alternate jobs in the economy are available to the claimant, considering his age, education, past work experience and RFC. *See Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**III.   STANDARD OF REVIEW**

This Court's review of the ALJ's decision is limited in scope by § 205 of the Social Security Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**IV.   ANALYSIS**

    **A.   ALJ'S STEP TWO DETERMINATION**

Plaintiff first asserts that the ALJ erred in finding that his affective/personality disorders, including bipolar disorder, were not severe impairments at Step Two of the sequential steps for evaluating entitlement to social security benefits. ECF Dkt. #14 at 951-952..

At Step Two, the ALJ determines whether a claimant's impairments are severe and whether they meet the twelve-month durational requirement. 20 C.F.R. § 404.1520(a). At this Step, the claimant bears the burden of proving the threshold requirement of a "severe impairment." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The claimant must show that he suffered from medically severe impairments that lasted or could be expected to last for a continuous period of at least twelve

months. *Id.*

The Court must apply a de minimis standard in determining severity at Step Two. *Higgs*, 880 F.2d at 862. An impairment or combination of impairments is not severe "...if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The types of "basic work activities" that qualify for use in the regulations are described in 20 C.F.R. §404.1521(b). An impairment can be found non-severe only if it could constitute "a slight abnormality which has such a minimal effect on the individual that it could not be expected to interfere with an individual's ability to work, irrespective of age, education and past work experience." *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985). The goal of Step Two is to screen out totally groundless claims. *Id.* at 89.

The ALJ in this case found at Step Two that Plaintiff's allegation of affective/personality disorders were no longer severe impairments. ECF Dkt. #12 at 79. In doing so, the ALJ cited to the prior ALJ's determination that Plaintiff's mental health conditions were severe and resulted in a limitation to only superficial contact with people. *Id.* at 76. She cited and applied AR 98-4(6) and found that Plaintiff's mental health issues were no longer severe due to the effectiveness of the medications that he was taking. *Id*; *see* AR 98-4(6)(where subsequent disability claim contains unadjudicated period as the prior claim, second ALJ is bound by prior ALJ's determination unless new and material evidence is presented or change in law warrants a different finding). The ALJ therefore determined that she was not bound by the prior ALJ's RFC determination on this issue. *Id.*

Whether the ALJ erred at Step Two is not legally relevant as the ALJ did find that Plaintiff's arthritis was a severe impairment at Step Two and she proceeded through the rest of the sequential evaluation. ECF Dkt. #12 at 79. Once the ALJ determines that a claimant suffers a severe impairment at Step Two, she must proceed onward in the sequential steps, considering all of a claimant's

-5-

impairments, severe and not severe, at every subsequent step of the sequential evaluation process. *See* 20 C.F.R. §404.1529(d); 20 C.F.R. § 416.920(d). Accordingly, any failure to identify other impairments, or combinations of impairments, as severe in step two is harmless error and "legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457, 2008 WL 508008, at **5 (6th Cir. 2008), quoting *Maziars v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987).

Consequently, the undersigned recommends that the Court find that the ALJ's determination that Plaintiff's affective/personality disorders, including bipolar disorder, if error at all, was harmless error at Step Two because she proceeded through the subsequent steps of the sequential evaluation process.

### B. TREATING PHYSICIAN RULE

Plaintiff also contends that the ALJ violated the treating physician rule when she rejected the opinion of his treating psychiatrist, Dr. Gill, and failed to specifically discuss Dr. Gill's April 15, 2009 report in her decision. ECF Dkt. #14 at 952-956.

An ALJ must give controlling weight to the opinion of a treating physician if the ALJ finds that the opinion on the nature and severity of an impairment is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). In other words, an ALJ must give a treating physician's opinion controlling weight only if the opinion relies on objective medical findings, *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985), and substantial evidence does not contradict it, *Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). If the ALJ finds the treating physician's opinion fails to meet these two conditions, she may discredit the opinion as long as she articulates a reasoned basis for doing so. *Shelman v. Heckler*,

821 F.2d 316, 321 (6th Cir.1987). "When deciding if a physician's opinion is consistent with the record, the ALJ may consider evidence such as the claimant's credibility, whether or not the findings are supported by objective medical evidence, as well as the opinions of every other physician of record." *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. App'x 435, 442, 2010 WL 3199693, at **6 (6th Cir. Aug. 12, 2010), unpublished, citing SSR 96-5p, 1996 WL 374183, at *3 (S.S.A. July 2, 1996); SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996); *Hickey-Haynes v. Barnhart*, 116 Fed.Appx. 718, 726 (6th Cir.2004) (An ALJ may "consider all of the medical and nonmedical evidence.")(quotation marks and citation omitted)).

If an ALJ does not give controlling weight to the opinions of a treating physician, the ALJ must apply the factors in 20 C.F.R. § 404.527(d)(2)(i), (d)(2)(ii), (d)(3) through (d)(6) [20 C.F.R. § 416.927(d)(2) (i), (d)(2)(ii), (d)(3) through (d)(6) for SSI] which include the length of the treatment relationship, the frequency of the examinations, the nature and extent of the treatment relationship, the supportability of the opinions with medical signs, laboratory findings, and detailed explanations, consistency of the opinions with the record as a whole, the specialty of the treating physician, and other factors such as the physician's understanding of social security disability programs, and familiarity of the physician with other information in the claimant's case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

If an ALJ decides to discount or reject a treating physician's opinion, she must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and

he may therefore " 'be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied.' " *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004), quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why she rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007), citing *Wilson*, 378 F.3d at 544. While the ALJ must give "good reasons" for discounting the weight given a treating source's opinion, the ALJ "is not bound by the treating physician's opinions," and such opinions will "receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir.1993).

Plaintiff in this case concedes that the ALJ addressed Dr. Gill's April 2008 report and she addressed Dr. Gill's treatment notes. ECF Dkt. #14 at 953. The ALJ discussed Dr. Gill's April 2008 completion of the Basic Medical Report for the Lucas County Department of Job and Family Services in which he noted Plaintiff's diagnosis of bipolar disorder, described his treatment of medication, and checked the box indicating that Plaintiff's mental functional limitations would last from "9 to 12 months or more." ECF Dkt. #12 at 80, citing ECF Dkt. #12 at 929-930. In giving "little weight" to this opinion, the ALJ cited Dr. Gill's treatment notes from April 2008 to November 2009 which reflected that Plaintiff suffered no side effects from his psychopharmacalogical treatment, he was doing well with his medications, and he denied any mood swings, depression, or mood instability. ECF Dkt. #12 at 80, citing ECF Dkt. #12 at 791-815. The ALJ also cited to Dr. Gill's treatment notes

describing his examination findings, which showed that Dr. Gill found Plaintiff alert, oriented, cooperative, with good eye contact, stable mood and affect, no formal thought disorder, no overt delusional thinking, no looseness of associations and not in any acute distress. *Id*. Dr. Gill had also noted that Plaintiff told him that he wanted to continue taking his medications the way that they were prescribed. *Id*. From these treatment notes, the ALJ consequently found that Plaintiff's affective/personality disorders had improved with medications which did not support Dr. Gill's opinion that Plaintiff was unemployable. The undersigned recommends that the Court find that these reasons constitute "good reasons" for attributing "little weight" to Dr. Gill's April 2008 report. The treatment notes support the ALJ's determination and Plaintiff's own testimony does as well, as also cited by the ALJ, because Plaintiff testified that he was working scrapping metal until his truck broke down last summer and he could still do this work if his truck were working. *Id*. at 81. The ALJ also noted Plaintiff's testimony that he had been looking for work. *Id*.

As to the April 15, 2009 form completed by Dr. Gill for the Lucas County Job and Family Services, the ALJ did not specifically address this report in her decision. The form is a Mental RFC assessment in which Dr. Gill checked boxes indicating that Plaintiff was moderately limited in the areas of: understanding, remembering and executing detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule; maintaining regular attendance and being punctual; working with others without being distracted by them; completing a normal workday and performing at a consistent pace without interruptions from psychologically-based symptoms or an unreasonable number or length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers without distracting them or exhibiting behavioral extremes; responding appropriately to changes in the work setting; and setting

realistic goals or making plans independently of others.  ECF Dkt. #12 at 931.  As to the medical evidence supporting these findings, Dr. Gill wrote that Plaintiff had bipolar disorder and was being treated with medications.  *Id.* at 932.  He also checked the box indicating that Plaintiff was "unemployable" and opined that Plaintiff's mental functional limitations would last for twelve months or more.  *Id.*

The undersigned recommends that the Court find that while the ALJ did not specifically address Dr. Gill's 2009 report, her failure to do so does not require remand.  With regard to Dr. Gill's conclusion in both reports that Plaintiff was unemployable, the ALJ did not need to afford any special weight to these opinions as this is a decision left to the ALJ.  A physician's statement on an issue reserved for the Commissioner, such as an assertion that a claimant is "disabled" or "unable to work," is a legal conclusion and not a medical opinion.  20 C.F.R. § 416.927(e).  Such statements are not entitled to any special deference.  20 C.F.R. § 416.927(e)(3).  "The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004).

In addition, the Sixth Circuit has held that a violation of the good reasons rule can be deemed "harmless error" in three instances, one of which is "where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir.2010) (quoting *Wilson*, 378 F.3d at 547).  In elaborating on this instance, the Court found that:

> In the last of these circumstances, the procedural protections at the heart of the rule may be met when the "supportability" of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed.Appx. 462, 470–72 (6th Cir.2006); *Hall v. Comm'r of Soc. Sec.*, 148 Fed.Appx. 456, 464 (6th Cir.2006). Thus the procedural rule is not a procrustean

>bed, requiring an arbitrary conformity at all times. If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.

*Friend*, 375 Fed. Appx. at 551.

Here, while the ALJ should have directly addressed Dr. Gill's 2009 report in her decision, she indirectly attacked this opinion when she found that Dr. Gill's treatment notes from April 2008 to November of 2009 did not support Dr. Gill's 2008 report, which was nearly identical to his 2009 report finding Plaintiff unemployable. The ALJ relied upon these notes to find that Dr. Gill's 2008 report was entitled to little weight because the notes did not show that Plaintiff was disabled and actually showed that Plaintiff's mental health conditions had improved with medication. ECF Dkt. #12 at 83. The ALJ further noted that Dr. Gill's treatment notes revealed normal examination findings during this time and indicated that Plaintiff was doing well and wanted to keep his medications the same. ECF Dkt. #12 at 83. The ALJ concluded from the notes that Plaintiff's affective/personality disorders had improved with medications such that he was not limited by them.

Since the ALJ evaluated and addressed Dr. Gill's treatment notes through November 2009, which covered the time period of the April 2009 opinion of Dr. Gill, and based upon her decision to attribute little weight to his 2008 report on the fact that it was not supported by his treatment notes, this evaluation undermined the consistency of Dr. Gill's 2009 opinion which was nearly the same as the 2008 report, but for moderate limitations in the 2009 report that also conflicted with his conclusion that Plaintiff was unemployable. *Coldiron v. Comm'r of Soc. Sec.*, No. 09-4071, 391 Fed. Appx. 435, 440 (6th Cir. Aug 12, 2010), unpublished (finding that ALJ's failure to comply with treating physician rule harmless when ALJ's evaluation of other physician opinions and claimant's credibility undermined consistency and supportability of treating physician's opinion). Accordingly, the

undersigned recommends that the ALJ's failure to directly address Dr. Gill's 2009 report was harmless error because she indirectly attacked the report by finding that Dr. Gill's 2008-2009 treatment notes and Plaintiff's testimony did not support his very similar opinion in the 2008 report.

## V.   CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court AFFIRM the decision of the Commissioner and DISMISS Plaintiff's complaint in its entirety WITH PREJUDICE.

Dated: February 7, 2013                       */s/ George J. Limbert*
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).